**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PUKHRAJ SINGH, | ) | CASE NO. 4:26-cv-02611 |
| | ) | |
| Petitioner, | ) | JUDGE CHARLES ESQUE FLEMING |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| ATTORNEY GENERAL, *et al.*, | ) | **AND ORDER** |
| | ) | |
| | ) | |
| Respondents. | ) | |

Before the Court is Petitioner's petition for writ of habeas corpus and emergency motion for a temporary restraining order, and the Government's response to the petition and motion to vacate this Court's prior order restricting Petitioner's transfer. (ECF No. 1, 4, 5). For the reasons stated below, the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**. Petitioner's motion for a temporary restraining order is **DENIED**. The Government's motion to vacate the order restricting Petitioner's transfer is **GRANTED**.

## I. RELEVANT BACKGROUND

Petitioner is a native citizen of India. (ECF No. 5, PageID #25). Previously, Petitioner filed a petition for writ of habeas corpus (the "First Petition") and motion for temporary restraining order before this Court. Pet.; Mot. for TRO, *Singh v. Warden of Mahoning Cnty. Jail, et al.*, No. 4:26-cv-00823 (N.D. Ohio Sept. 18, 2026). At that time, Petitioner had filed an appeal before the Board of Immigration Appeals ("BIA") challenging an immigration judge's denial of his asylum. Return of Writ at PageID #80, *Singh*, No. 4:26-cv-00823.

On June 2, 2026, while the First Petition was pending before the Court, the BIA denied Petitioner's appeal. Joint Status Report at PageID #118–21, *Singh*, No. 4:26-cv-00823. At that

time, Petitioner became subject to a final removal order. The parties notified the Court and agreed that Petitioner became detained under 8 U.S.C. § 1231 upon the BIA's denial of his appeal. Joint Status Report; Joint Status Report Suppl., *Singh*, No. 4:26-cv-00823. The parties further agreed that the final removal order rendered the First Petition moot because Petitioner was no longer eligible for a bond hearing under 8 U.S.C. § 1226. (*Id.*). Given the parties' representations, the Court found Petitioner's claims to be moot and dismissed the First Petition without prejudice on September 18, 2026. *Singh*, 2026 WL 2815271, at *1.

On October 6, 2026, Petitioner, now proceeding pro se, filed a subsequent petition for writ of habeas corpus (the "Second Petition"). (ECF No. 1). Petitioner argues that he has been subject to prolonged detention and seeks a bond hearing or immediate release and a "temporary restriction order to stay [sic] removal" while this matter is pending. (*Id.* at PageID #7). Following Petitioner's filing of the Second Petition, the Court set a briefing schedule and ordered that Petitioner "shall remain in the Northern District of Ohio and shall not be transferred outside of this jurisdiction during the pendency of this matter." (the "No-Transfer Order") (ECF No. 2).

On October 15, 2026, Petitioner filed an emergency motion for a temporary restraining order. (ECF No. 4). Petitioner asks the Court to "temporarily preserve the status quo until an expedited hearing can be conducted" by, for example, prohibiting the Government from removing him from the United States or otherwise transferring him outside the Northern District of Ohio. (*Id.* at PageID #22).

The Government filed a timely response to the Second Petition and motion for a temporary restraining order and also moved to vacate the No-Transfer Order. (ECF No. 5). The Government details its removal efforts and argues that it plans to remove Petitioner from the United States on November 3, 2026. (*Id.* at PageID #26).

## II. LAW AND DISCUSSION

### A. Detention Following a Final Removal Order

As an initial matter, a district court generally has broad discretion under 28 U.S.C. § 2241 to issue a writ of habeas corpus as the law and justice require. Specifically, § 2241(c)(3) provides that a prisoner may bring a writ for habeas corpus if he or she is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). That said, Congress limits a district court's habeas review when it is based on the execution of a final removal order. 8 U.S.C. § 1252(g) ("[N]o court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."). Although the district court "may not review discretionary decisions made by immigration authorities, it may review immigration-related detentions to determine if they comport with the demands of the Constitution." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citing *Zadvydas v. Davis*, 553 U.S. 678, 688 (2001)).

Petitioner's arguments in the Second Petition pertain to the constitutionality of his immigration-related detention. Petitioner argues that he has been subject to prolonged detention by the U.S. Immigration and Customs Enforcement agency ("ICE") following a final removal order. (ECF No. 1, PageID #6). Petitioner also argues that he has not received a bond hearing before an immigration judge since he entered ICE custody on February 28, 2026. (*Id.*). The Government argues that Petitioner's detainment is statutorily authorized and comports with the U.S. Constitution. (ECF No. 5, PageID #28). The Court will begin with Petitioner's arguments that he is entitled to a bond hearing and has been subject to prolonged detention following a final removal order.

Under 8 U.S.C. § 1231(a)(1)(A), "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." This ninety-day period is known as the removal period. 8 U.S.C. § 1231(a)(1)(A). During "the removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2). After the removal period has lapsed, the noncitizen may continue to be detained pursuant to 8 U.S.C. § 1231(a)(6) if the noncitizen has been: (1) ordered removed and is inadmissible under 8 U.S.C. § 1182; (2) ordered removed and is removable under 8 U.S.C. §§ 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4); or (3) ordered removed and the Attorney General determines that the noncitizen poses a risk to the community or is a flight risk.

The Government argues that Petitioner's detention is lawful and comports with the Constitution. According to the Government, Petitioner's detainment beyond the removal period is justified under 8 U.S.C. § 1231(a)(6) because "he is removable under 8 U.S.C. §1227(a)(1)(D)(ii)." (ECF No. 5, PageID #27). The Government thus argues that ICE has statutory authority to detain Petitioner to effectuate his removal order. (*Id.*).

At the outset, the Court notes that the Government's reliance on 8 U.S.C. § 1227(a)(1)(D)(ii) is misplaced. Not only is § 1227(a)(1)(D)(ii) an exception for deportability based on termination of conditional permanent resident status, but it is also not a category that authorizes detainment beyond the removal period under 8 U.S.C. § 1231(a)(6). However, in light of the record before the Court, it appears that Petitioner may nonetheless remain detained beyond the removal period under 8 U.S.C. § 1231(a)(6).

The circumstances of Petitioner's immigration history and proceedings are as follows. Petitioner entered the United States on August 22, 2018 and was encountered and apprehended on August 23, 2018. Return of Writ at Page ID #49, 62–68, *Singh*, No. 4:26-cv-00823. Petitioner

was released on bond on October 10, 2018. Pet. at PageID #22, *Singh*, No. 4:26-cv-00823. The Department of Homeland Security issued a Notice to Appear to Petitioner on October 2, 2018. *Id.* at PageID #19. The Notice to Appear identified two charges against Petitioner under the Immigration and Nationality Act ("INA"): §§ 212(a)(7)(a)(i)(I) and 212(a)(6)(A)(i). *Id.* On August 18, 2021, an immigration judge ordered Petitioner to be removed from the United States to India. Return of Writ at 69–70, *Singh*, No. 4:26-cv-00823. The immigration judge likewise denied Petitioner's applications for asylum and withholding or deferral of removal under the Convention Against Torture. (*Id.*). Petitioner moved to re-open the proceedings, which the immigration court granted on September 13, 2021. (*Id.* at PageID #74). On October 5, 2022, the reviewing immigration judge found respondent removable under § 212(a)(6)(A)(i) of the INA. (*Id.* at PageID #75).

Soon after, Petitioner appealed the immigration judge's decision to the BIA. (*Id.* at PageID #80–81). On February 26, 2026, Petitioner was arrested on a warrant for failure to appear for a traffic violation in Van Wert Municipal Court located in northwestern Ohio. Return of Writ at PageID #49, *Singh*, No. 4:26-cv-00823. Petitioner was transferred to ICE custody on February 28, 2026, where Petitioner has remained in custody to date. *Id.*

On June 2, 2026, the BIA denied his appeal. Joint Status Report at PageID #118–21, *Singh*, No. 4:26-cv-00823. At that point, Petitioner became subject to a final removal order based on inadmissibility under INA § 212(a)(6)(A)(i), codified at 8 U.S.C. § 1182(a)(6)(A)(i), and his detention became governed by 8 U.S.C. § 1231. After the removal period lapsed, § 1231(a)(6) authorized the Government to detain Petitioner as an "alien ordered removed who is inadmissible

under section 1182 of this title[.]" 8 U.S.C. § 1231(a)(6). As such, following the removal period, Petitioner's detainment was statutorily authorized under 8 U.S.C. § 1231(a)(6).[1]

Having found that Petitioner's detention was statutorily authorized, the Court turns to whether Petitioner's detainment following his final removal order comports with the Constitution and the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001). While Congress has not addressed how long a noncitizen's detainment may extend beyond the removal period, the Supreme Court has made clear that the Government may not detain a noncitizen indefinitely following an order of removal. *See Zadvydas*, 533 U.S. at 689 ("In our view, the statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States."). As such, detention of a noncitizen subject to a final removal order for up to 6 months is presumptively reasonable given the time needed to effectuate removal. *Id.* at 701. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

The relevant date for the Court's inquiry is June 2, 2026, the date upon which Petitioner became subject to a final removal order. From that date to the date of the instant order, Petitioner has not been detained for six months to clear the presumptively reasonable 6-month period established in *Zadvydas*. Notably, the Government has acquired Petitioner's travel documents and is prepared to remove him from the United States on November 3, 2026. If Petitioner is removed by November 3, 2026, he will have been removed within 6 months of his final removal order.

[1] Petitioner asserts a claim for relief for not receiving a bond hearing. But noncitizens detained under 8 U.S.C. § 1231 have no right to a bond hearing under federal law or regulations. *See Martinez v. Larose*, 968 F.3d 555, 564 (6th Cir. 2020) (detainees subject to 8 U.S.C. § 1231 have "no right to a bond hearing before a neutral decision maker"). This ground for relief fails to warrant habeas relief.

Thus, Petitioner's detention is presumptively reasonable and any challenge to his continued detention is not ripe for review. *Kumar v. U.S. Dep't of Homeland Sec.*, No. 19-2404, 2020 WL 2904685, at *1 (6th Cir. June 1, 2020).

In Petitioner's final ground for relief, Petitioner argues that he is entitled to habeas relief because local authorities failed to release him after ICE's forty-eight-hour hold lapsed. (ECF No. 1, PageID #6). Petitioner's claim appears to stem from prolonged detention after the issuance of an "ICE detainer." An ICE detainer requests that a state or local agency (1) "advise [ICE] prior to release of [an] alien in order for [ICE] to arrange to assume custody," and (2) "maintain custody of the alien for a period not to exceed 48 hours" following the noncitizen's release and until ICE can take custody. 8 C.F.R. § 287.7(a), (d). An ICE detainer is based on ICE's determination that it has probable cause to believe that the noncitizen is removable. *Lopez-Lopez v. Cnty. of Allegan*, 321 F. Supp. 3d 794, 797 (E.D. Mich. 2018).

Petitioner alleges that he was arrested by law enforcement on February 25, 2026, and a hold for ICE to retrieve Petitioner was issued on February 26, 2026. (ECF No. 1, PageID #6). Petitioner alleges that he was told that he would be released by local law enforcement if ICE did not retrieve him by February 27, 2026 at 10:00 P.M. (*Id.*). Petitioner was subsequently detained by ICE authorities on February 28, 2026. The Government failed to address this asserted basis for relief in its response or otherwise provide any context to Petitioner's claim.

Nonetheless, Petitioner's claim does not support release. Other courts have analyzed similar circumstances to Petitioner's and declined habeas relief. A noncitizen's challenge to an ICE detainer is moot where the noncitizen is subject to a final removal order and detained under 8 U.S.C. § 1231. *Ogunde v. Holder*, 563 F. App'x 237 (4th Cir. 2014) ("At the time Ogunde filed the amended complaint, he was in the custody of the Virginia Department of Corrections. He has

since been transferred to the custody of [ICE] of the DHS. Accordingly, because the detainer is no longer in effect, the appeal is moot."); *Bohannon v. Capozza*, No. CV 18-1238, 2019 WL 367037, at *2 (W.D. Pa. Jan. 30, 2019) ("Instantly, the detainer that Petitioner alleged to have been unlawful and to have caused him to be illegally held in custody by the Board at SCI-Fayette is no longer in existence, and hence, no matter what this Court rules concerning the validity of the detainer, it is eminently clear that this habeas petition is now moot and should be dismissed as such."); *Nyang v. Barr*, No. 19-cv-01459, 2020 WL 9396482, at *2 (N.D. Ala. Feb. 4, 2020) ("To the extent Petitioner challenges the failure to release him on bond after his October 21, 2013, arrest because of the ICE Detainer . . . that claim is moot. Petitioner does not assert that he is still held on the same charges from 2013, nor that he is detained based on the 2014 ICE detainer.").

Petitioner's argument that Van Wert law enforcement failed to release him after the ICE detainer lapsed is moot. Not only has Petitioner been transferred out of local law enforcement's custody and into ICE custody, but he is also subject to a final removal order and is now detained under 8 U.S.C. § 1231. To the extent that an ICE detainer existed, it is no longer in effect. Thus, Petitioner's final ground for relief based on his detention by Van Wert law enforcement does not support release.

Even assuming Petitioner's claim was justiciable, Petitioner nonetheless fails to put forth sufficient facts to support a determination that his detainment by ICE on February 28, 2026 was beyond the forty-eight-hour ICE hold. According to the Van Wert Municipal Court docket, Petitioner was arraigned on February 26, 2026 and entered an agreement to satisfy his payment obligations on the same date. Return of Writ at PageID #84, *Singh*, No. 4:26-cv-00823. According to Petitioner, at some point on February 26, 2026, and at least after the 9:00 A.M. arraignment, the forty-eight-hour detainer began. (ECF No. 1, PageID #6). Petitioner was placed in ICE custody

on February 28, 2026. (ECF No. 5-1, PageID #33). Petitioner does not allege that ICE failed to detain him within forty-eight hours. Instead, Petitioner claims that—despite the *forty-eight-hour* hold—he was supposed to be released by February 27, 2026 at 10 A.M, notwithstanding the ICE detainer. Petitioner's own facts contradict his claim and do not warrant habeas relief.

### B. The Court's No-Transfer Order and Petitioner's Motion for a TRO

In its response to the Second Petition, the Government seeks an order rescinding this Court's No-Transfer Order. (ECF No. 5). The Government argues that the Court lacks jurisdiction to enjoin the United States Immigration and Custom Enforcement's effectuation of Petitioner's removal. (*Id.* at PageID #29). The Court agrees. Given that this issue is related to the relief Petitioner seeks in his motion for a temporary restraining order, the Court will address both motions together.

As explained above, a district court generally has broad discretion under 28 U.S.C. § 2241 to issue a writ of habeas corpus as the law and justice require. However, it is stripped of jurisdiction to review a decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any noncitizen. *See* 8 U.S.C. § 1252(g).

Petitioner has a final order of removal and there is no evidence that Petitioner has obtained a stay of removal from the BIA. The Government indicates that it received Petitioner's travel document from India on September 22, 2026 and is prepared to effectuate Petitioner's removal from the United States on November 3, 2026. (ECF No. 5, PageID #26). As such, Petitioner's removal is imminent. Even more, near the end of Petitioner's ninety-day removal period, he received a ninety-day Post Order Custody Review. (ECF No. 5-1, PageID #33). August 31, 2026, Petitioner was notified that he would remain in custody based on a significant likelihood of removal in the reasonably foreseeable future and potential flight risk. (*Id.*).

At this juncture, the only thing preventing Petitioner's removal is this Court's No-Transfer Order. Given that the Court lacks jurisdiction to interfere with the execution of a final removal order, the Court rescinds the No-Transfer Order and denies Petitioner's motion for a temporary restraining order requesting such relief.

## III. CONCLUSION

For these reasons, the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**. (ECF No. 1). Petitioner's motion for a temporary restraining order is hereby **DENIED**. (ECF No. 4). The Government's motion to rescind the No-Transfer Order is hereby **GRANTED**. (ECF No. 5).

**IT IS SO ORDERED.**

Date: October 30, 2026

**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**